**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DRADEAN L. EUTSEY, INDIVIDUALLY
AND ON BEHALF OF OTHERS
SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                        **Case No. 6:11-cv-1574-Orl-28DAB**

**ORLANDO REHABILITATION GROUP,
INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 23)**
>
> **FILED:**       **February 15, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Following a settlement in this Fair Labor Standards Act ("FLSA") case, the parties filed the instant motion, referred to the undersigned for a fairness review. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

      If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees

bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, Plaintiff, who worked for Defendant as a Certified Nurse Assistant, contended that she was not compensated for all hours worked and was owed overtime in the amount of $2,696.93, plus liquidated damages and attorney's fees and costs (Doc. No. 18). According to the motion, following discovery of Plaintiff's compensation records, the parties determined that Plaintiff was actually owed (if anything) $2,157.54. The motion states that:

> Notwithstanding, solely in an effort to terminate the pending litigation, Defendant agreed to compensate Plaintiff in the amount of $2,200.00. As a result, based on Plaintiff's compensation records, Plaintiff is receiving more than 100% of the overtime damages she could likely recover had she proceeded to trial based on her compensation records. Under the circumstances, the parties agreed that liquidated damages were not appropriate because Plaintiff was aware of the policy that she needed to complete a "Time Clock Exemption Request" if her time records were incorrect so she could be properly compensated. However, she failed to do so.

(Doc. No. 23).

The settlement also provides that Plaintiff's counsel will receive $2,800 in fees and costs, which Plaintiff represents is a 48% discount from actual fees incurred. The parties contend that the settlement is a reasonable and fair resolution of a *bona fide* FLSA dispute, and the Court concurs.

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case). Here, the parties represent that Plaintiff is receiving all of the overtime damages she would likely recover, without compromise. Moreover, the amount sought by counsel is a significant reduction and is reasonable on its face for prosecution of this case. As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further.

For the reasons stated, the Court finds the settlement to be a fair and reasonable resolution of bona fide FLSA issues and therefore **recommends** that the motion be **granted, and the settlement be approved as to the terms stated in the motion**,[1] and that the complaint be dismissed, as requested.

---

[1] Although the Complaint purported to plead a collective action, no opt in parties have appeared and the settlement is directed solely to the claims of the named plaintiff. Moreover, the settlement agreement contains terms (such as confidentiality and release of other claims) that are extraneous to the FLSA concerns at issue here.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 17, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy